### Barbee Wire and Iron Works v. John Malinowski.

1. SUPERIOR COURT—*Its Jurisdiction.*—The Superior Court of Cook County is not a court of like jurisdiction with that of a justice of the peace within the meaning of section 2 of the act of 1891 (laws 1891, 151), providing that no suit shall be brought upon a judgment of a justice of the peace in a court of like jurisdiction within the same county where such judgment was rendered until the expiration of seven years next after its rendition.

Debt, on a justice's judgment. Appeal from the Superior Court of Cook County; the Hon. HENRY W. FREEMAN, Judge, presiding. Submitted at the March term, 1895, of this court. Reversed and remanded. Opinion filed April 22, 1895.

H. C. BENNETT and W. A. PHELPS, attorneys for appellant.

O'DONNELL & COGHLAN, attorneys for appellee.

MR. PRESIDING JUSTICE WATERMAN DELIVERED THE OPINION OF THE COURT.

This was an action in the Superior Court upon a judgment rendered by a justice of the peace of this county in 1892. A demurrer to the declaration was sustained.

It is urged that the suit could not be maintained because of a statute enacted in 1891, the second section of which is as follows:

"A suit may be brought upon a judgment of a justice of

the peace at any time within ten years next after the rendition thereof, and not afterward."

" Provided, however, that no such suit shall be brought upon said judgment in a court of like jurisdiction within the same county where such judgment may be rendered until the expiration of seven years next after its rendition."

The Superior Court is not a court of like jurisdiction with that of a justice of the peace.

The construction contended for might deprive a judgment creditor of the only means of collecting its judgment, as by attachment at the same term with other attachments, or garnishee process where the garnishee debtor was owing more than $200. The statute is not one to be extended by implication. The judgment of the Superior Court is reversed and the cause remanded.